Michael J. Peffer, State Bar No. 192265
Nilab O. Sharif, State Bar No. 231296
PACIFIC JUSTICE INSTITUTE
P.O. Box 11630
Santa Ana, CA 92711
Tel.:(714) 796-7150
Fax: (916) 550-9630
E-mail: mpeffer@pji.org

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER A. CARRERA,<br><br>Plaintiff,<br><br>v.<br><br>GALACTIC CO., LLC; VIRGIN GALACTIC, LLC,<br><br>Defendant. | Case No.<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br><br>[Demand for Jury Trial] |

**COMES NOW, Plaintiff, CHRISTOPHER A. CARRERA (hereinafter "PLAINTIFF"), and for his Complaint alleges as follows:**

## INTRODUCTION

Plaintiff worked for Defendant as a Lead Manufacturing Assembly Technician. Defendant required its employees to be vaccinated for SARS-CoV-2 (COVID-19). Because of his faith, Plaintiff sought an accommodation for his sincerely held religious to be exempt from taking this vaccine. His religious accommodation request was eventually denied.

Plaintiff brings this action against Galactic Co., LLC and Virgin Galactic, LLC ("Galactic"), a privately held aerospace company. Galactic Co., LLC, a Delaware entity registered as a foreign

entity with the California Secretary of State, is a wholly owned subsidiary of Virgin Galactic Holdings, Inc. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) the California Fair Employment and Housing Act, Cal. Govt. Code § 12900 et seq., and the common law tort of Wrongful Termination in Violation of Public Policy.

The gravamen of this Complaint is that Defendant refused to accommodate, retaliated against, otherwise discriminated against, and subsequently terminated Plaintiff because he asked for accommodation to his religious beliefs. Defendant knew or should have reasonably known that Mr. Carrera held religious beliefs because he asserted them. Defendant nevertheless failed to accommodate and terminated an employee in retaliation for seeking an accommodation.

## JURISDICTION AND VENUE

1. This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court has supplemental authority over Plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a), and the common law tort of Wrongful Termination in Violation of Public Policy.

2. Venue is proper in the Eastern District of California under 42 U.S.C. § 2000e-5(f)(3), in that the Defendant maintains significant operations within the Eastern District. The location of the company where the alleged unlawful employment practices took place is within the Eastern District. This case is appropriate for assignment to the Kern Division. The Defendant maintains significant operations within Kern County, and the situs of the alleged unlawful employment practices took place at the Defendant's Mojave company location.

## PARTIES

### Plaintiff

3. At the time of his employment with Defendant, Mr. Carrera resided in Kern County. On November 29, 2023, Mr. Carrera obtained a "Right to Sue" letter from the U. S. Equal Employment Opportunity Commission (EEOC). Mr. Carrera's letter serves as "Exhibit One" to this Complaint.

**Defendant**

4. Upon information and belief, Virgin Galactic, LLC is a privately held aerospace company operating in Mojave, California, incorporated in Delaware and authorized to do business in California. Its corporate headquarters is in Mojave, Kern County, California. At the time of the events that gave rise to this Complaint, Galactic employed Plaintiff as a Lead Manufacturing Assembly Technician at the Defendant's Mojave location.

**STATEMENT OF FACTS**

5. Mr. Carrera was hired as a Production Technician by Galactic on March 12, 2012. He was promoted to Lead Manufacturing Assembly Technician in 2019. He performed his duties in an exemplary manner.

6. Mr. Carrera is a devout follower of the Christian faith.

7. On or about October 14, 2021, Galactic announced they were requiring that their employees receive the COVID-19 vaccine by December 8, 2021. Galactic also informed the employees of their option to request a medical or religious exemption from the vaccine, and employees with an approved exemption request would have to undergo daily health screenings, masking, and weekly testing.

8. On or about October 25, 2021, Mr. Carrera submitted his religious exemption request to Galactic's COVID-19 vaccine mandate requesting Defendant to accommodate his religiously held beliefs against the vaccine. Mr. Carrera asserted his religious beliefs and objections to the COVID-19 vaccine in his exemption request.

9. Galactic concluded that Mr. Carrera demonstrated a sincere religious belief which conflicted with him receiving the COVID-19 vaccine. Galactic, however, also concluded that Mr. Carrera's request could not be accommodated because it would pose an undue hardship on the company. Galactic denied Mr. Carrera's religious exemption request on November 3, 2021. Galactic's COVID-19 vaccine mandate policy did not allow for an appeal process.

10. According to Galactic's Accommodation Findings-Exemption Request Determination form, the undue hardship would have involved Mr. Carrera isolating from other team members while undergoing COVID-19 testing and waiting for the results, causing delays in his work and the work of his team. Galactic also cited costs to the company for testing and production delays causing a negative impact on workplace safety as undue hardship.

11. At the time of Mr. Carrera's denial of his religious exemption request, Galactic had in place safety protocols, such as masking and testing.

12. Galactic refused to explore any alternatives that might have been available to allow Mr. Carrera to reasonably continue doing his job. Defendant refused to engage in any timely, interactive, meaningful, or good faith processes with Plaintiff to accommodate his truly sincere religious beliefs.

13. The day after receipt of the denial of his religious exemption request, Mr. Carrera emailed Yajaira Rose-Smith, Galactic's Director of Diversity, Equity and Belonging, People Department, asking for details regarding the denial of his exemption request and the cost or disruption an accommodation would involve. Ms. Rose-Smith responded on November 12, 2021, stating that Mr. Carrera's essential job duties required him to be onsite and an accommodation creates an undue hardship.  Ms. Rose-Smith did not provide any cost calculations or cost analysis regarding the undue hardship she cited.

14. Mr. Carrera, deeply troubled by the company's response, felt he was compromising his religious values just to work at Galactic.

15. On or about November 30, 2021, Mr. Carrera received an email from Galactic requesting him to fill out the Qualtrics Vaccine Certification as to his vaccination status and his plan to be vaccinated by the December 08, 2021 vaccine mandate deadline.

16. On or about December 3, 2021, Aparna Chitale, Galactic's Chief People Officer, sent out an email stating that all employees, contractors and vendors, must be fully vaccinated by December 08, 2021, to maintain a safe workplace, and that employees who have not responded to or confirmed their choice to not get vaccinated will be provided a three-week paid notice period and their last day with the company will be December 31, 2021.

17. On or about December 16, 2021, Galactic employee Gabriel Serrano, sent exit documents to Mr. Carrera's personal email. Mr. Carrera was placed on leave until December 31, 2021, and then he was unjustly terminated.

18. Galactic's refusal to accommodate, or even explore accommodation of Mr. Carrera's religious beliefs, was a substantial motivating factor in Galactic's decision to deprive Plaintiff of the employment he had enjoyed since 2012.

19. Mr. Carrera's religious beliefs were a motivating factor in his termination. The Defendant violated Plaintiff's state and federal rights under Title VII, and California Govt. Code § 12900 et seq. with malice or reckless indifference.

20. Mr. Carrera's income and health insurance ceased immediately and unexpectedly after years of service, causing a financial hardship on him.

21. On November 29, 2023, Mr. Carrera obtained a "Right to Sue" letter from the U. S. Equal Employment Opportunity Commission (EEOC). A "Right to Sue" letter from either the EEOC or California Department of Fair Employment and Housing (DFEH) satisfies the requirements of both the EEOC and the DFEH. Mr. Carrera's letter serves as "Exhibit One" to this Complaint.

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**
**Termination and Retaliation based on Religion Against Defendant**

22. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

23. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment

opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

24. Mr. Carrera was always relevant herein an employee and applicant covered by 42 U.S.C. § 2000e, et seq., prohibiting discrimination in employment based on religion. Defendant was always herein an employer for purposes of 42 U.S.C. § 2000e, et seq.

25. Mr. Carrera held deeply sincere religious objection to receiving the COVID-19 vaccine.

26. Mr. Carrera's accommodation request was denied.

27. Galactic concluded that Mr. Carrera demonstrated sincere religious beliefs which conflicted with receiving the COVID-19 vaccine. Yet Galactic refused to accommodate or even explore any alternatives that might have been available to accommodate Mr. Carrera's religious beliefs.

28. Mr. Carrera's religious beliefs and practices were therefore a motivating factor in his termination.

29. Mr. Carrera suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

30. Galactic intentionally violated Plaintiff's rights under Title VII with malice or reckless indifference.

31. Mr. Carrera is entitled to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs of suit, a declaration that Defendant violated his rights under Title VII, and an injunction preventing Defendant from enforcing their discriminatory policies.

32. Mr. Carrera is entitled to further relief as set forth below in his Prayer for Relief.

///
///
///
///
///

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]
Failure to Provide Religious Accommodation Against Defendant**

33. Plaintiff hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

34. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes it an unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee. To establish a prima facie case of religious discrimination based on a failure to accommodate under Title VII, a plaintiff must first allege that she holds a bona fide religious belief that conflicts with an employment requirement, she informed her employer of the belief and conflict, and the employer took an adverse employment action because of her inability to perform her job. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004).

35. Mr. Carrera suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

36. Defendant intentionally violated Mr. Carrera's rights under Title VII with malice or reckless indifference.

37. Plaintiff is entitled to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs of suit, a declaration that Defendant violated his rights under Title VII, and an injunction preventing Defendant from enforcing their discriminatory policies.

38. Plaintiff is entitled to further relief as set forth below in his Prayer for Relief.

## THIRD CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 Disparate Impact on the Basis of Religion (42 U.S.C. § 2000e-2(a)(2) & (k)) Against Defendant**

39. Plaintiff hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

40. Title VII makes it illegal for an employer to "limit, segregate, or classify his

employees or applicants . . . in any way which would deprive or tend to deprive any individual of employment opportunities . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(2).

41. Defendant excluded Plaintiff from the position for which he was otherwise qualified.

42. Defendant's insistence on the COVID-19 vaccine requirement without any accommodation deprives and tends to deprive Plaintiff and other similarly situated individuals of employment opportunities on the basis of religion in violation of Title VII's disparate-impact prohibition. 42 U.S.C. §§ 2000e-2(a)(2) & (k).

43. Furthermore, the statute provides that an unlawful employment practice based on disparate impact is established when either an employee shows that an employment policy causes such a disparate impact and the employer fails to show "that the challenged practice is job related . . . and consistent with business necessity," or the employee shows there is an alternative way to serve the stated needs but the employer refuses it. 42 U.S.C. § 2000e-2(k)(1)(A).

44. Even if facially neutral, Defendant's categorical requirement that all employees are vaccinated without any accommodations causes a disparate impact on Plaintiff (and any similarly situated religious individual who shares his religious beliefs) by forcing him to abandon his religious objections or forgo employment with Defendant.

45. Furthermore, Defendant's position on the vaccines is neither required for the job in question nor consistent with business necessity. Moreover, Defendant refused the less-restrictive but feasible options of allowing Plaintiff to undergo regular testing or wearing PPE preserving his religious conscience.

46. Plaintiff suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

47. Plaintiff is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that Defendant violated his rights under Title VII, and an injunction preventing DEFENDANT from enforcing their discriminatory policies.

48. Plaintiff is entitled to further relief as set forth below in his Prayer for Relief.

## FOURTH CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act
(Cal. Govt. Code § 12900 et seq.)—Discrimination and Retaliation
based on Religious Creed Against Defendant**

49. Plaintiff hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

50. Under FEHA, it is further an unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment, because of the employee's religious creed.

51. Mr. Carrera was always relevant herein an employee for purposes of FEHA.

52. Defendant was always relevant herein an employer for purposes of FEHA.

53. Plaintiff was always relevant herein a member of a protected religious class.

54. FEHA broadly defines religious creed to include all aspects of observance and practice.

55. Defendant intentionally discriminated against Mr. Carrera by making an adverse employment decision against him—by terminating his employment after nine years of dedicated service.

56. Defendant demonstrated discriminatory animus toward Plaintiff by abruptly terminating his employment and showing callous indifference toward his sincere religious beliefs. Defendant subsequently terminated Plaintiff without providing any alternative after Plaintiff's request for religious accommodation. Defendant terminated Plaintiff's employment because of his religious creed. Defendant discriminated against the Plaintiff based on his religious beliefs.

57. Mr. Carrera suffered damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future loss of wages and benefits, and the cost of bringing this action.

58. Defendant intentionally violated Mr. Carrera's rights under FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

59. Plaintiff is entitled to such other and further relief as more fully set forth below in his Prayer for Relief.

## FIFTH CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.)—Failure to Provide Religious Accommodation Against Defendant**

60. Plaintiff hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

61. Under FEHA, it is an unlawful employment practice for an employer to terminate a person's employment because of a conflict between the person's religious beliefs or observance and any employment requirement, unless the employer demonstrates that it has explored all reasonable means of accommodation of the religious beliefs or observance.

62. Plaintiff was a person and an employee of Defendant within the meaning of FEHA.

63. Defendant was always relevant herein employer of Plaintiff for purposes of FEHA.

64. Plaintiff is a devout follower of the Christian faith. Defendant was aware of Plaintiff's sincerely held religious beliefs.

65. Plaintiff holds strong beliefs based on his understanding of the teachings of Christianity, which prohibit Mr. Carrera from receiving the COVID-19 vaccine.

66. Mr. Carrera requested an accommodation from Plaintiff. Plaintiff denied the request without engaging in an interactive process.

67. Defendant refused to explore available reasonable alternatives to allow Mr. Carrera to do his job. Defendant refused to engage in any timely, interactive, meaningful, or good faith process with Plaintiff to accommodate his sincerely held religious beliefs.

68. Defendant's refusal to accommodate, or even explore any kind of accommodation of Plaintiff's religious beliefs, was a substantial motivating factor in Defendant's decision to deprive Plaintiff of the employment he had enjoyed since 2012.

69. Mr. Carrera suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

70. Defendant intentionally violated Mr. Carrera's rights under FEHA with malice or reckless indifference.

71. Plaintiff is entitled to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs to bring suit, a declaration that Defendant violated Plaintiff's rights under Title VII, and an injunction preventing Defendant from enforcing their discriminatory policies.

72. Plaintiff is entitled to further relief as more fully set forth below in his Prayer for Relief.

## SIXTH CAUSE OF ACTION

**Wrongful termination in violation of public policy- Common Law Tort
Against Defendant**

73. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

74. Mr. Carrera was terminated for requesting a religious accommodation in compliance with both Title VII of the Civil Rights Act of 1964, and Cal. Govt. Code § 12900 et seq.

75. Cal. Govt. Code § 12920 states, "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed."

76. Cal. Govt. Code § 12920 goes on to state, "Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or

military status, or genetic information in housing accommodations is declared to be against public policy."

77. Mr. Carrera was always relevant herein an employee of Defendant and covered by 42 U.S.C. § 2000e, et seq., prohibiting discrimination in employment based on religion.

78. Defendant was always herein an employer for purposes of 42 U.S.C. § 2000e, et seq.

79. Plaintiff was a person and an employee of Defendant within the meaning of FEHA.

80. Defendant was always relevant herein an employer of Plaintiff for purposes of FEHA.

81. Plaintiff is a devout follower of the Christian faith. Defendant was aware of the sincere religious beliefs Plaintiff held.

82. Mr. Carrera held a deeply religious objection to receiving the COVID-19 vaccine and was denied accommodation although Defendant recognized that Mr. Carrera had sincerely held beliefs.

83. Plaintiff felt bullied into receiving the COVID-19 vaccine, causing anxiety and stress due his employer forcing him to choose between his deeply held religious beliefs and his financial livelihood, his job.

84. There were no valid reasons whatsoever for terminating Plaintiff's employment, other than Plaintiff requesting accommodation under Title VII and FEHA.

85. Plaintiff's religious beliefs and practices were therefore a motivating factor in his termination. Plaintiff suffered a wrongful termination for exercising his right to seek an accommodation of his truly sincere religious beliefs entitled to him under Title VII and FEHA.

86. FEHA declares by statute that such unlawful termination is in violation of public policy.

87. Plaintiff suffered significant harm because of Defendant's unlawful discriminatory actions, including emotional distress, past and future loss wages and benefits, and the costs associated with bringing this action.

88. Defendant intentionally violated Plaintiff's rights under Title VII and FEHA with malice or reckless indifference.

89. Plaintiff is entitled to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs of suit, a declaration that Defendant violated his rights under Title VII, and an injunction preventing Defendant from enforcing their discriminatory policies.

90. Plaintiff is entitled to further relief as more fully set forth below in his Prayer for Relief.

**PRAYER FOR RELIEF**

WHEREFORE, MR. CARRERA respectfully prays this Court grant relief as follows:

A. Award Plaintiff backpay, including past loss of wages and benefits, plus interest;

B. Award Plaintiff his front pay, including future wages and benefits;

C. Award Plaintiff other and further compensatory damages in an amount according to proof;

D. Award Plaintiff noneconomic damages, including but not limited to mental health suffrage;

E. Award to Plaintiff his reasonable attorneys' fees and costs of suit;

F. Award Plaintiff punitive damages;

G. Enjoin Defendant from enforcing their discriminatory policies;

H. Declare that Defendant has violated Title VII of the Civil Rights Act and FEHA; and

I. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

Dated: February 26, 2024   /s/ Michael J. Peffer
　　　　　　　　　　　　　　Michael J. Peffer
　　　　　　　　　　　　　　Nilab O. Sharif

　　　　　　　　　　　　　　*Attorneys for Plaintiff, Christopher Carrera*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all causes of action and claims to which he has a right to a jury trial.

/s/ Michael J. Peffer
Michael J. Peffer
Nilab O. Sharif

*Attorneys for Plaintiff, Christopher Carrera*

## VERIFICATION

I, Christopher Carrera, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this _____ day of February 2024, in the County of Kern, State of California.

_____
Christopher Carrera

# Christopher.Carrera.verification

Final Audit Report                                                                 2024-02-27

| | |
|---|---|
| Created: | 2024-02-26 |
| By: | Michael Peffer (mpeffer@pji.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAG1WUBfGwtKT3NZLbOekw0JArLzkDuYBd |

## "Christopher.Carrera.verification" History

- **Document created by Michael Peffer (mpeffer@pji.org)**
  2024-02-26 - 10:56:01 PM GMT- IP address: 12.126.67.142

- **Document emailed to carrech62@gmail.com for signature**
  2024-02-26 - 10:56:04 PM GMT

- **Email viewed by carrech62@gmail.com**
  2024-02-27 - 0:21:19 AM GMT- IP address: 66.249.80.169

- **Signer carrech62@gmail.com entered name at signing as Christopher A. Carrera**
  2024-02-27 - 1:58:19 AM GMT- IP address: 174.81.44.242

- **Document e-signed by Christopher A. Carrera (carrech62@gmail.com)**
  Signature Date: 2024-02-27 - 1:58:21 AM GMT - Time Source: server- IP address: 174.81.44.242- Signature captured from device with phone number XXXXXXX2296

- **Agreement completed.**
  2024-02-27 - 1:58:21 AM GMT

Adobe Acrobat Sign

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT ONE**

Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/29/2023

**To:** Christopher A. Carrera
8936 Manzanita Ave
CALIFORNIA CITY, CA 93505
Charge No: 480-2022-01445

EEOC Representative and email:   LINA WILLIAMS
Investigator
lina.williams@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
11/29/2023

Christine Park-Gonzalez
District Director

Cc:
Michael COLETTA
16555 SPACESHIP LANDING WAY
MOJAVE, CA 93501

Please retain this notice for your records.